IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANIR, LLC., | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TELLA-TECH, INC | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Plaintiff, Ranir, LLC ("Ranir"), by counsel, by way of Complaint against Tella-Tech, Inc. ("Tella-Tech"), states as follows:

## PARTIES

1. Ranir is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 4701 East Paris Avenue, Grand Rapids, Michigan 49512.

2. Upon information and belief, Tella-Tech is a corporation organized and existing under the laws of Florida, with its principal place of business at 3325 Hollywood Boulevard, Suite 303, Hollywood FL, 33021.

## JURISDICTION AND VENUE

3. Tella-Tech is subject to personal jurisdiction in this District because it has conducted and does conduct business in the United States and the Northern District of Illinois. Upon information and belief, Tella-Tech, directly or indirectly (*e.g.*, through distributors, shippers, retailers) distributes, ships, offers for sale, sells, and advertises products that infringe the trademarks involved in this action in this District, thereby purposefully availing itself to the privileges of conducting business in this District. Through these activities, Tella-Tech sought protection and benefit from the laws of Illinois by placing products that infringe Ranir's trademarks into the stream

1

of commerce with the knowledge and/or intent that they will be purchased by consumers in this District.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 1338(b) and 15 U.S.C. § 1121(a) because this action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

5. This Court may exercise supplemental jurisdiction over Ranir's claim for relief under state law pursuant to 28 U.S.C. §§ 1338 (b) and 1367(a) because that claim is substantial and related to the trademark claims, and so related to the claims of this action within the original jurisdiction of this Court that it forms part of the same case or controversy under Article III of the United States Constitution because all claims arise out of a common nucleus of operative fact, namely the infringement of Ranir's trademarks.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 because Tella-Tech resides in this District and a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## FACTUAL ALLEGATIONS

### Ranir and its Marks

7. Founded in 1979, Ranir is a global leader in oral and personal healthcare products.

8. Ranir manufactures oral and personal healthcare products for retailers.

9. Through its commitment to oral care leadership, Ranir has developed a strong reputation for high-quality products and outstanding customer service.

10. Among other products, Ranir manufactures a variety of manual toothbrushes.

11. Ranir has adopted and registered several trademarks in connection with its manual toothbrushes, two of which are shown below:

| Mark | Reg. No. | Status | Goods/Services |
|---|---|---|---|
| ANGLE EDGE + | 3,092,035 | Registered: May 16, 2006<br>Renewed: Sep. 10, 2015<br><br>Incontestable<br><br>First Use: Sep. 1, 2005 | (Int'l Class: 021) Toothbrushes |
| ORBIT | 3,122,173 | Registered: Jul. 25, 2006<br>Renewed: Nov. 13, 2015<br><br>Incontestable<br><br>First Use: Jan. 9, 2006 | (Int'l Class: 021) Manual toothbrushes |

12. A true and correct copy of the federal registration for the ANGLE EDGE + mark is attached hereto as Exhibit A.

13. A true and correct copy of the federal registration for the ORBIT mark is attached hereto as Exhibit B.

14. Ranir's federal registrations and their incontestable status are conclusive evidence that Ranir's ANGLE EDGE + and ORBIT trademarks ("Ranir's Marks" or the "Marks") are valid, that Ranir is the owner of the Marks, and that Ranir has the exclusive right to use the Marks in connection with the goods and services identifies in the Marks' registrations.

15. Ranir's Marks are inherently distinctive as indicated by their registrations on the Principal Register.

16. Since 2005, Ranir has invested substantial sums of money into the promotion and development of the goodwill associated with its Marks.

### Tella-Tech and its Infringing Uses of Ranir's Marks

17. Upon information and belief, Tella-Tech manufactures and distributes various oral healthcare products, including toothbrushes, to retailers.

18. In 2012, Ranir discovered that Tella-Tech had been using Ranir's Marks on toothbrushes that it was distributing to several retailers.

19. Shortly after discovering that Tella-Tech had been using Ranir's Marks, Ranir contacted Fred's Inc. ("Fred's"), a retailer that was selling the infringing Tella-Tech products, and demanded that Fred's cease using the Marks. In connection with its demand, Ranir was informed by Fred's that Tella-Tech had agreed to cease using Ranir's Marks by a specified date.

20. In March of 2016, Ranir discovered that Tella-Tech was still providing toothbrushes containing Ranir's Marks to Fred's. A true and correct depiction of Tella-Tech's infringing use of Ranir's Marks in connection with toothbrushes is attached hereto as Exhibit C.

21. On March 18, 2016, Ranir sent Tella-Tech a letter informing Tella-Tech that its use of Ranir's Marks constitutes infringement of Ranir's Marks. Ranir also demanded that Tella-Tech immediately discontinue use of Ranir's Marks and provide an accounting of the number of units sold to Fred's or any other customer of which Ranir may be unaware. A true and correct copy of the March 18, 2016 letter is attached hereto as Exhibit D.

### COUNT I:
### FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)

22. Ranir realleges and incorporates by reference each of the preceding paragraphs.

23. Tella-Tech's manufacture and sale of products bearing the infringing ANGLE EDGE + trademark constitutes use in commerce in connection with the sale, offering for sale, distribution, and advertising of goods and services.

24. Upon information and belief, Tella-Tech's use of the infringing ANGLE EDGE + trademark in commerce is likely to cause consumer confusion and mistake and is likely to deceive as to source or origin of Tella-Tech's products and to the affiliation, association, or connection of

Tella-Tech with Ranir.

25. Tella-Tech's use of the infringing ANGLE EDGE + trademark as described above constitutes infringement of Ranir's federally registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

26. Tella-Tech's infringement of Ranir's trademarks has resulted in actual and probable injury to Ranir and Ranir is likely to continue to suffer harm without judicial intervention.

27. On information and belief, Tella-Tech's actions have been intentional, with knowledge, willful, with actual malice, and in bad faith, justifying the imposition of enhanced damages against Tella-Tech.

28. Tella-Tech's actions make this case exceptional within the meaning of 15 U.S.C. § 1117(a), thereby entitling Ranir to an award of reasonable attorneys' fees and costs.

## COUNT II:
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)

29. Ranir realleges and incorporates by reference each of the preceding paragraphs.

30. Tella-Tech's manufacture and sale of products bearing the infringing ORBIT trademark constitutes use in commerce in connection with the sale, offering for sale, distribution, and advertising of goods and services.

31. Upon information and belief, Tella-Tech's use of the infringing ORBIT trademark in commerce is likely to cause consumer confusion and mistake and is likely to deceive as to source or origin of Tella-Tech's products and to the affiliation, association, or connection of Tella-Tech with Ranir.

32. Tella-Tech's use of the infringing ORBIT trademark as described above constitutes infringement of Ranir's federally registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

33. Tella-Tech's infringement of Ranir's trademark has resulted in actual and probable injury to Ranir and Ranir is likely to continue to suffer harm without judicial intervention.

34. On information and belief, Tella-Tech's actions have been intentional, with knowledge, willful, with actual malice, and in bad faith, justifying the imposition of enhanced damages against Tella-Tech.

35. Tella-Tech's actions make this case exceptional within the meaning of 15 U.S.C. § 1117(a), thereby entitling Ranir to an award of reasonable attorneys' fees and costs.

## COUNT III:

## FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. 1125(A)

36. Ranir realleges and incorporates by reference each of the preceding paragraphs.

37. Tella-Tech's manufacture and sale of products bearing the infringing ANGLE EDGE + trademark constitutes use in commerce in connection with goods and services.

38. Upon information and belief, Tella-Tech's use of the infringing ANGLE EDGE + trademark in commerce is likely to cause confusion and mistake and is likely to deceive as to the affiliation, connection, and association of Tella-Tech with Ranir and as to the origin, sponsorship, or approval of Tella-Tech's goods, services, and commercial activities.

39. Tella-Tech's actions described above constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Tella-Tech's actions have resulted in actual and probable injury to Ranir and Ranir is likely to continue to suffer harm without judicial intervention.

41. On information and belief, Tella-Tech's actions have been intentional, with knowledge, willful, with actual malice, and in bad faith, justifying the imposition of enhanced damages against Tella-Tech.

42. Tella-Tech's actions make this case exceptional within the meaning of 15 U.S.C. § 1117(a), thereby entitling Ranir to an award of reasonable attorneys' fees and costs.

## COUNT IV:

## FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. 1125(A)

43. Ranir realleges and incorporates by reference each of the preceding paragraphs.

44. Tella-Tech's manufacture and sale of products bearing the infringing ORBIT trademark constitutes use in commerce in connection with goods and services.

45. Upon information and belief, Tella-Tech's use of the infringing ORBIT trademark in commerce is likely to cause confusion and mistake and is likely to deceive as to the affiliation, connection, and association of Tella-Tech with Ranir and as to the origin, sponsorship, or approval of Tella-Tech's goods, services, and commercial activities.

46. Tella-Tech's actions described above constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Tella-Tech's actions have resulted in actual and probable injury to Ranir and Ranir is likely to continue to suffer harm without judicial intervention.

48. On information and belief, Tella-Tech's actions have been intentional, with knowledge, willful, with actual malice, and in bad faith, justifying the imposition of enhanced damages against Tella-Tech.

49. Tella-Tech's actions make this case exceptional within the meaning of 15 U.S.C. § 1117(a), thereby entitling Ranir to an award of reasonable attorneys' fees and costs.

## COUNT V:

## UNFAIR COMPETITION/UNFAIR OR DECEPTIVE ACTS UNDER 815 ILCS 510/1 *ET SEQ.*

50. Ranir realleges and incorporates by reference each of the preceding paragraphs.

51. The Illinois Uniform Deceptive Trade Practices Act provides, in pertinent part, that deceptive trade practices occur when, in the course of business, an entity causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services, or causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another.

52. Upon information and belief, Tella-Tech's manufacture and sale of products bearing the infringing ANGLE EDGE + and/or ORBIT trademarks constitutes activity in the course of its business that is likely to cause confusion or of misunderstanding as to the source,

sponsorship, approval, or certification of goods or services and/or that is likely to cause confusion or of misunderstanding as to affiliation, connection, or association with or certification by another.

53. Tella-Tech has engaged in deceptive trade practices in the course of its business within the meaning of 815 ILCS §510/2 (2) and (3) by its unauthorized use of the infringing ANGLE EDGE + and/or ORBIT trademarks.

54. Tella-Tech's actions have resulted in actual and probable injury to Ranir and Ranir is likely to continue to suffer harm without judicial intervention.

## PRAYER FOR RELIEF

WHEREFORE, Ranir prays for relief as follows:

A. A judgment declaring that Tella-Tech has committed trademark infringement under 15 U.S.C. § 1114(1);

B. A judgment declaring that Tella-Tech has committed Unfair Competition under 15 U.S.C. § 1125(a);

C. A judgment declaring that Tella-Tech has committed deceptive trade practices under 815 ILCS 510/1 *et seq.*;

D. A preliminary and permanent injunction enjoining Tella-Tech from infringing Ranir's trademarks and from unfairly competing with Ranir in any way;

E. An order that Tella-Tech must provide and pay for corrective action;

F. As a result of the unlawful activities described herein, a judgment that Tella-Tech pay Ranir:

   a. General, special, actual and/or statutory damages, according to proof at trial, trebled and increased due to the nature of Tella-Tech's conduct described above;

   b. All of Tella-Tech's profits or gains of any kind as a result of its acts of unfair competition;

   c. Pre-judgment and post-judgment interest;

   d. Punitive and exemplary damages;

      e. Ranir's attorneys' fees and costs.

G. Such other relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Ranir demands a trial by jury on all issues so triable.

Dated: April 11, 2016

Respectfully submitted,

/s/ Barry F. Irwin
Barry F. Irwin, P.C.
Adam J. Reis
Irwin IP LLC
1333 Burr Ridge Parkway, Suite 200
Burr Ridge, IL 60527
Phone: 630.756.3101
Facsimile: 630.756.3001
birwin@irwinip.com

*Attorneys for Defendant Ranir, LLC*